UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF GRACIELA LOPEZ FRANCO, by and through its successor in-interest, MARTA FRANCO JIMENEZ; TRINIDAD LOPEZ HERNANDEZ and MARTA FRANCO JIMENEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER HUNTER, ARIAN LINSCOTT, CRAIG JENKINS, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 15cv1857 JM(RBB)<br>Related Case Nos.: 15cv1986 JM(RBB); 15cv2626 JM(RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

This order addresses the motion to dismiss filed by Defendants Christopher Hunter, Arian Linscott, and Craig Jenkins ("Defendants") on January 4, 2016. (Doc. No. 10). Plaintiffs filed an opposition on February 22, 2016. (Doc. No 11). Defendants replied on February 28, 2016. (Doc. No. 12). The motion was fully briefed and found suitable for resolution without oral argument under Local Civil Rule 7.1.d.1. For the reasons set forth below, the court grants Defendants' motion to dismiss, but also grants Plaintiffs leave to amend.

# BACKGROUND

This case arises out of a collision between two vessels – a panga carrying Mexican nationals ("panga") and a U.S. Customs and Border Protection patrol boat ("patrol boat"). Plaintiffs allege as follows: on June 18, 2015, a panga carrying 20 Mexican nationals entered the waters of the United States about seven miles northwest of Encinitas, California.  (Doc. No 1, ¶ 14).  Graciela Lopez, a thirty-two-year-old woman from Jalisco, Mexico, was a passenger on the panga.  (Id. at ¶ 15).  The panga was being monitored by a patrol boat, designated as "M901."  (Id. at ¶ 17).  Defendant Christopher Hunter was in charge of the patrol boat, and Defendants Craig Jenkins and Arian Linscott were crew members.  (Id. at ¶ 18).

Plaintiffs allege that without issuing any commands to the passengers of the panga, the patrol boat drove directly at it, and Linscott first fired a weapon in the direction of the panga, causing a flash bang explosion, and then fired multiple rounds into its single outboard motor, rendering the panga incapable of being steered.  (Id. at ¶¶ 21-28). Despite having destroyed the panga's motor, Plaintiffs further allege, Defendants "rammed their M901 aluminum hulled vessel into the small wooden panga," slicing it into pieces.  (Id. at ¶ 29).  Plaintiffs allege the panga's passengers were thrown into the ocean as a result of this collision, and Ms. Graciela Lopez, whose estate brings the instant action, drowned.  (Id. at ¶ 33).

Plaintiffs bring a Bivens action for excessive force and wrongful death.  (Doc. No. 1).  Plaintiffs seek general and special damages, costs of suit and interest, and punitive damages against the individual Defendants.  (Doc. No 1, 1-4). Two other Bivens actions related to the incident have been filed against the individual Defendants in this case: Hernandez-Infante v. Hunter, et al., Case No. 15cv1986 JM(RBB) and Hector Manuel Lopez Garcia, et al. v. Hunter, et al., Case No. 15cv2846 W(RBB).  The United States has also commenced an admiralty action for exoneration from or limitation of liability arising out of the same incident, The Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to DHS-

<u>CBP Vessel M382901 (M901) re the Collision with an Unnamed Panga Smuggling Vessel on or about June 18, 2015</u>, Case No. 15cv2626 JM(RBB).

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See <u>Gould v. Mutual Life Ins. Co. v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Id.</u> (quoting <u>Thornhill Publishing Co. v. General Telephone & Electronic Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. See <u>id.</u> at 678–79. The court should grant relief under Rule 12(b)(6) if the complaint lacks either a cognizable legal theory

or facts sufficient to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

When ruling on a motion to dismiss, the court must take all allegations as true and construe them in the light most favorable to the plaintiff.  See Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008).  "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  Id.

Federal Rule of Civil Procedure 15 provides that leave to amend should be granted when justice requires it.  Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted).  Amendment may be denied, however, if amendment would be futile.  See id.

## DISCUSSION

Defendants argue that Plaintiffs' Bivens action for a constitutional violation must be dismissed because the Public Vessels Act ("PVA") and the Suits in Admiralty Act ("SAA") provide Plaintiffs with a means to pursue tort remedies against the United States for injuries resulting from the collision, and the remedies of the PVA and SAA are exclusive of all others against agents and employees of the United States that arise out of the same subject matter.

Plaintiffs counter that they have alleged a Fourth Amendment constitutional violation based on intentional conduct, specifically the use of excessive force, against federal agents acting under the color of the federal law.  Because the PVA assigns liability to the United States only in circumstances in which private persons would be liable, Plaintiffs argue that it does not provide a remedy here, nor does it confer admiralty jurisdiction to this court over this case.  Finally, Plaintiffs argue that the conduct giving rise to this action falls squarely within the remedy provided by Bivens.

**1. Admiralty Jurisdiction**

First, the court addresses whether the PVA and SAA provide Plaintiffs with a tort remedy in this action.  A tort claim falls within the admiralty jurisdiction of the federal courts when two conditions are met.  First, the tort must occur on or over navigable waters; this is the "locality" or "situs" test.  See Solano v. Beilby, 761 F.2d 1369, 1370-71 (9th Cir.1985); Guidry v. Durkin, 834 F.2d 1465, 1469 (9th Cir.1987).  Second, the actions giving rise to the tort claim must "bear a significant relationship to traditional maritime activity."  Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 268 (1972).  This is the "nexus" or "relationship" test.  See Solano, 761 F.2d at 1371; Guidry, 834 F.2d at 1469.  Admiralty jurisdiction exists only when both these requirements are satisfied.  See Whitcombe v. Stevedoring Services of America, 2 F.3d 312, 314 n.2 (9th Cir.1993).

With respect to the "locality" or "situs" test, Defendants assert that there is no dispute that the collision occurred in navigable waters.  As to the "nexus" or "relationship" prong, Defendants point out that the activity does not have to be commercial in nature, see Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674-75 (1982), and the test has been refined to only require that the tort or the harm have potentially disruptive impact on maritime commerce, see Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).  Additionally, the Ninth Circuit has held that tortious conduct resulting in a collision between vessels in navigable waters, and an injury to a passenger who falls overboard, meets the "nexus" or "relationship" test.  In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1128-29 (9th Cir. 2009).  Defendants argue that this is precisely the tortious conduct alleged in this complaint.[1]

Plaintiffs do not dispute the "locality" or "situs" requirement, but argue that the

---

[1] See also this court's order denying a motion to dismiss a complaint in The Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to DHS-CBP Vessel M382901 (M901) re the Collision with an Unnamed Panga Smuggling Vessel on or about June 18, 2015, Case No. 15cv2626 JM(RBB), filed contemporaneously with this order.

"nexus" or "relationship" test is not satisfied because Defendants' conduct falls under the military combat exception to the PVA. See Koohi v. United States, 976 F.2d 1328, 1336 (9th Cir. 1992) ("the waiver of sovereign immunity established by the PVA . . . contains an exception for combatant activities during time of war."); Wu Tien Li-Shou v. U.S., 777 F.3d 175, 185 (4th Cir. 2015) (the PVA includes a "discretionary function exception.").

The court finds that Plaintiffs' claims fall within the admiralty jurisdiction of this court. First, the collision indisputably occurred in navigable waters – the Pacific Ocean. Second, the collision satisfies the "nexus" or "relationship" test defined by the Ninth Circuit, as it resulted in passengers being thrown into the water and Ms. Lopez drowning. See Jerome B. Grubart, Inc., 513 U.S. at 534. Finally, while the PVA does contain an exception for combatant activities during time of war, Defendants' alleged conduct does not rise to the level of military/combatant activities. See Koohi, 976 F.2d at 1330 (the shooting down of a civilian aircraft by a U.S. warship during undeclared "tanker war" falls under the military combat exception); Wu Tien Li-Shou, 777 F.3d at 179 (the sinking of a fishing vessel during a North Atlantic Treaty Organization (NATO) counter-piracy mission falls under the military combat exception).

**2. Exclusive Remedy under the PVA and SAA**

Next, the court addresses whether the remedies available to Plaintiffs under the PVA and SAA against the United States are exclusive of all other remedies, requiring the dismissal of Plaintiffs' constitutional claims against the individual Defendants.

The PVA, which incorporates the consistent provisions of the SAA,[2] includes the

---

[2] In Taghadomi v. U.S., 401 F.3d 1080, 1083 (9th Cir. 2005), the Ninth Circuit explains the relationship of the PVA, SAA, and the Federal Torts Claims Act ("FTCA"). FTCA generally renders the United States liable for its torts to the same extent as a private actor. The FTCA includes an exception, however, for "[a]ny claim for which a remedy is provided" by either of the other two statutes relevant to this case – the PVA and the SAA. See 28 U.S.C. § 2680. The PVA renders the United States liable in admiralty for "damages caused by a public vessel of the United States." 46 U.S.C. § 31101. The PVA, however, contains a special reciprocity requirement that permits foreign nationals to sue the U.S. government only if their country of nationality would permit a similar suit by a U.S. citizen. Id.

waiver of sovereign immunity principles.  See 46 U.S.C. § 31103 ("A civil action under this chapter is subject to the provisions of Chapter 309 of this title [the SAA] except to the extent inconsistent with this chapter.").  The SAA provides:

> If a remedy is provided by this chapter, it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or agent of the United States or the federally-owned corporation whose act or omission gave rise to the claim.

46 U.S.C. § 30904.

Defendants contend that the exclusive remedy provision of the SAA, incorporated into the PVA, expressly and unequivocally bars Plaintiffs' Bivens suit against the individual Defendants in this matter.  See, e.g., Ali v. Rogers, 780 F.3d 1229 (9th Cir. 2015) (dismissing a claim against agents); Williams v. United States, 711 F.2d 893, 897-98 (9th Cir. 1983) (dismissing a claim against a federal agency).

Plaintiffs counter that the PVA does not bar their Bivens action which is predicated upon the intentional violation of a constitutional right, not negligence.  Because this Bivens action could not be brought against a private person, Plaintiffs argue, the exclusive remedy provision of the SAA, incorporated into the PVA, does not apply.

Although Plaintiffs are correct that a constitutional violation claim cannot be maintained against a non-government actor,[3] the Ninth Circuit has rejected Plaintiffs' argument that because claims for constitutional violations may not be asserted under the PVA and SAA, they should be permitted to go forward in a non-admiralty lawsuit.  See Ali, 780 F.3d at 1235-37.

> Although Ali's portion of the complaint pleaded claims under §§ 1981 and 1983, he *could* have brought a breach of contract claim in admiralty jurisdiction. Such an action would be "a civil action in admiralty [that] could be maintained," so *both* that claim *and* his discrimination claims, which

---

The SAA is broader: it renders the United States liable in admiralty in any case in which, "if a private person or property were involved, a proceeding in admiralty could be maintained."  46 U.S.C. § 30901.

[3] In Green v. United States, 530 F. Supp. 17, 19 (N.D. Cal. 1981), moreover, the district court held that individuals did not have a right of recovery against the United States under the PVA or the SAA for alleged violations of their Fourth Amendment search and seizure rights and personal injuries resulting from the United States Coast Guard boarding the private sailboat in which they were riding.

7

"aris[e] out of the same subject matter" and are closely linked to the contract claim, are subject to the SAA's exclusivity provision. 46 U.S.C. §§ 30903, 30904.

Ali, 780 F.3d at 1236.

Because the SAA is considered to be maritime analogue to the FTCA (see Ali, 780 F.3d at 1233), the Supreme Court case of Hui v. Castaneda, 559 U.S. 799 (2010) is instructive.[4]  In Hui, survivors of an immigration detainee brought medical negligence claims against the United States under the FTCA and Bivens claims against officers and employees of the Public Health Service (PHS) for their alleged violation of detainee's Fifth and Eighth Amendment rights.  See id. at 780.  The Supreme Court held that the Bivens claims against the individual employees were precluded by the exclusive remedy provision of the FTCA.  Id. at 801-02.

In this case, therefore, the question is not whether Plaintiffs could assert a Bivens action under the PVA and the SAA.  The answer to that question, as Plaintiffs acknowledge themselves, is conclusively no.  The relevant question is whether Plaintiffs have a remedy under the PVA and the SAA for an action arising out of the "same subject matter" as their Bivens action, in which case the exclusivity provision of the SAA would apply.  The court has already answered that question in the affirmative.  Plaintiffs have a tort remedy under the PVA and the SAA arising out of the same subject matter as their Bivens claims.  The underlying subject matter is the collision between the panga and the border patrol boat, which allegedly resulted in Ms. Lopez's death.  Accordingly, the exclusivity provision of the SAA, just as the FTCA exclusivity provision in Hui, requires

///

///

---

[4] The FTCA also contains an exclusive remedy provision, which states that the FTCA remedy against the United States is "exclusive of any other civil action or proceeding" for any personal injury caused by a Public Health Service officer or employee performing a medical or related function "while acting within the scope of his office or employment." 42. U.S.C. § 233(a).

the dismissal of Plaintiffs' Bivens action.[5]

Defendants' motion to dismiss Plaintiffs' complaint is GRANTED insofar as it is predicated upon any Bivens claim. Plaintiffs shall have 14 days to file an amended complaint to assert tort remedies under the PVA and SAA.

IT IS SO ORDERED.

DATED: April 26, 2016

JEFFREY T. MILLER
United States District Judge

---

[5] It is also worth noting that the adequacy or the desirability of the type of remedy does not affect the application of the SAA exclusivity provision. Plaintiffs argue that the PVA and the SAA do not provide an adequate remedy as Plaintiffs would be precluded from bringing a claim for punitive damages under the PVA and SAA, as well as having the right to a jury trial. (See Doc. No. 11, p. 2). While the Ninth Circuit has not directly addressed this question, a number of district courts have denied plaintiffs' claims for punitive damages or attorney's fees against government agents even though the claims were not recoverable under the SAA, rejecting the argument that those claims did not arise out of the "same subject matter." See Sharian v. U.S.,1999 WL 1427723, at *3 (N.D. Cal., Oct. 5, 1999); Reece v. Keystone Shipping Co., 2010 WL 2331068, at *2 (W.D. Wash., Mar. 25, 2010). This court finds this reasoning persuasive.